(July 5, 2001)

■ Excess Insurance Company et al., Appellants, v Factory Mutual Insurance Company, Respondent. [726 NYS2d 666] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered June 29, 2000, dismissing the complaint, and bringing up for review an order of the same court and Justice, entered June 7, 2000, which, in a declaratory judgment action involving whether plaintiffs reinsurers are obligated to indemnify defendant primary insurer for the covered loss of the contents of a warehouse in France containing personal computers, granted the defendant's motion to dismiss the complaint on the ground of forum non conveniens, and denied the plaintiffs' cross motion for a preliminary injunction against defendant's prosecution of a later filed action in Rhode Island, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, defendant's motion denied and plaintiffs' cross motion granted. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Given the fact that, for four years, the parties, by agreement, tried an identical action to judgment in favor of plaintiffs (later dismissed for lack of diversity jurisdiction) in the United States District Court for the Southern District of New York, literally across the street from the New York County Courthouse, it was improvident to dismiss this action on forum non conveniens grounds. Despite the dispute's limited contacts with New York and defendant's disputed claims of alleged sharp practice and breach of the parties' September 27, 1995 agreement to agree to an alternate forum in the event of dismissal of the Federal action, defendant has not met its burden of proving that New York County is an inconvenient forum. There is no reason to believe that Rhode Island, where defendant's home office is

located, would be a more convenient forum than New York. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Friedman, JJ.